THE SECURITY NATIONAL BANK OF FARGO, a Corporation, Respondent, v. CASS COUNTY, a Municipal Corporation, Appellant.

(207 N. W. 446.)

**Jury — denial of defendant's motion for jury trial of action to recover taxes paid under protest held error.**

An action to recover taxes illegally levied and which are alleged to have been paid under protest, is one for money had and received, and it is error to deny defendant's motion for a jury trial.

Opinion filed January 30, 1926.

Juries, 35 C. J. § 28 p. 157 n. 19; p. 158 n. 28.

Appeal from the District Court of Cass County, *Cole*, J.
Reversed.
*Lovell & Horner*, for appellant.
*J. J. Mulready*, for respondent.

PER CURIAM. This action was brought by the plaintiff to recover taxes alleged to have been illegally levied. The illegality of the tax is not disputed. See State ex rel. Farmers State Bank v. Wallace, 48 N. D. 803, 187 N. W. 728.

It appears from the record that the plaintiff is the successor in interest of the Equity State Bank, a state banking corporation which did business in the city of Fargo until about January 1, 1920; that during April, 1919, while chapter 230 of the Session Laws of 1917, was in force, the taxing authorities of the state and of Cass county levied and assessed against the Equity State Bank a tax upon its shares of capital stock aggregating the sum of $4,341.56; that prior to March 2, 1920, the Equity State Bank was notified by the authorities of Cass county that unless this tax was paid on or before March 1, 1920, a penalty of 5 per cent would attach and that if the tax were not paid on or before the 15th day of October, 1920, the sheriff would be directed to collect the same. The bank, on February 28, 1920, paid under protest the amount claimed. The validity and sufficiency of this protest are challenged by the defendant county. The defendant answered raising an issue upon the question of fact as to payment under protest. Some question is made as to the sufficiency of the answer in this regard, but we think the answer raises such an issue of fact.

When the case was called for trial in the district court of Cass county on October 28, 1923, counsel for the defendant moved for a jury trial, pursuant to § 7608, Comp. Laws 1913. The court denied the motion, but granted the request of the defendant that objection to the trial of the case to the court "may stand and not be waived by the fact that the defendant continues the trial." The plaintiff then introduced its evidence and rested. The defendant offered no evidence.

The defendant assigns among other errors the ruling of the trial court denying its motion for a jury trial.

It may be true, as contended by the plaintiff, that the evidence showing the protest is wholly sufficient; we cannot speculate as to what evidence, if any, the defendant might have adduced upon this question. The defendant was clearly entitled to a jury trial; it never waived its right thereto; but at every stage strenuously insisted upon it. The

action is one to recover money had and received and is clearly triable to a jury.

The judgment is reversed and a new trial is ordered.

CHRISTIANSON, Ch. J., and JOHNSON, NUESSLE, BURKE, and BIRDZELL, JJ., concur.